FILED

JAN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS Le'BARRON GRAY,

        Plaintiff - Appellant,

  v.

WAYNE ULIT, Medical Physician at CSP
Corcoran; CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION,

        Defendants - Appellees.

No. 12-16119

D.C. No. 1:10-cv-00357-LJO-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

California state prisoner Curtis Le'Barron Gray appeals pro se from the

district court's dismissal order and summary judgment in his 42 U.S.C. § 1983

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed the claim against the appeals coordinator because Gray did not allege facts showing that the coordinator was deliberately indifferent to Gray's medical needs when determining that emergency processing of his grievance was not warranted. *See Toguchi*, 391 F.3d 1058-59 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence is insufficient to establish deliberate indifference).

The district court properly granted summary judgment in favor of Dr. Ulit because Gray failed to raise a genuine dispute of material fact as to whether the delay in treatment of his retinal tear was harmful or led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delay of medical treatment does not constitute deliberate indifference unless delay led to further injury).

**AFFIRMED.**